UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GERALD E. LEWIS,                                    Civil No. 05-1645 (PAM/FLN)

                Petitioner,

        v.                                          **REPORT AND**
                                                    **RECOMMENDATION**
J.F. CARAWAY, Acting Warden,

                Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred

to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.1.  For the reasons discussed below, it is recommended that the petition for writ of

habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section

2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

In 1991, Petitioner was indicted in the United States District Court for the Northern

District of Iowa for violating federal drug laws.  He was found guilty by a jury, and on

January 24, 1992, he was given a 292-month federal prison sentence.  Petitioner is

currently serving his sentence at the Federal Prison Camp in Duluth, Minnesota. (Petition,

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

(Docket No. 1], p. 1, ¶s 1-6.)

Petitioner's conviction and sentence were upheld on direct appeal.  United States v. Lewis, 987 F.2d 1349 (8th Cir. 1993).  In 1993, Petitioner challenged his conviction and/or sentence by filing a motion in the trial court under 28 U.S.C. § 2255.  Petitioner's § 2255 motion was denied, and he apparently did not appeal that ruling.  Petitioner later applied to the Eighth Circuit Court of Appeals for leave to file a second or successive § 2255 motion, so that he could attempt to challenge his sentence (once again) based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  That request was denied by the Court of Appeals.  (Petition, [Docket No. 1], p. 2, ¶s 10-11.)

In his present application for habeas corpus relief, Petitioner claims that his sentence was based on factual determinations made by the trial court judge, rather than a jury, and that his sentence should therefore be set aside pursuant to the Supreme Court's decisions in Apprendi, supra, Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005).[2]

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition.  It will therefore be recommended that this action be summarily dismissed.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.

_____

[2] Although Petitioner has not expressly cited Apprendi, Blakely or Booker in support of his current claims, it is readily apparent that his current claims must be based on those decisions.  If Petitioner's claims are not based on those three cases, then it is even more clear that he cannot bring this action, for the reasons discussed at p. 6, infra.

The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, (or in any other non-2255 proceeding), unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

In this case, it is readily apparent that Petitioner is challenging the prison sentence that was imposed in his federal criminal case. He claims that his constitutional rights were violated during the sentencing process, and that his sentence should therefore be vacated. Because Petitioner is challenging the sentence imposed by the trial court, his present habeas petition is clearly subject to, and barred by, the § 2255 exclusive remedy rule.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be

transferred to the trial court so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already filed a § 2255 motion in the trial court.  Any § 2255 action that Petitioner might now attempt to pursue would have to be treated as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Eighth Circuit Court of Appeals.  28 U.S.C. §§ 2244(b)(3) and 2255 [ ¶ 8 ].[3]

---

[3]  According to 28 U.S.C. § 2255 [ ¶ 8 ]:

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be

Without a pre-authorization order from the apposite circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); <u>see also</u> <u>Boykin v. United States</u>, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court could not entertain a new § 2255 motion at this time. <u>Id</u>. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Moreover, it is obvious that Petitioner has deliberately elected to seek relief under the § 2241 habeas corpus statute, because he believes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule, and that he <u>can</u> challenge his conviction and sentence in a § 2241 habeas corpus proceeding, because he is not presently eligible for relief under § 2255. That reasoning must be rejected.

The rule against successive § 2255 motions would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the procedural limitations on § 2255 motions to be so easily evaded. Accordingly, the Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been

---

the subject of a petition for rehearing or for a writ of certiorari.

denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because Petitioner has allowed the one year statute of limitations and/or grace period to expire."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002); Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had his opportunity to seek relief under § 2255.  In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added).  Applying this rule here, it is clear that, at least to the extent that Petitioner's current claims do not rely on Apprendi, Blakely or Booker, he cannot seek habeas corpus relief under 28 U.S.C. § 2241.  To the extent that Petitioner's claims are not based on those cases, he could have raised them on direct appeal, or in his previous § 2255 motion.  He cannot claim that § 2255 has become "inadequate or ineffective" simply because he previously failed to raise such claims, and he is now procedurally barred from raising them under § 2255.

The Court recognizes that Petitioner's current claims must be based primarily on the Supreme Court's decisions in Apprendi, Blakely and Booker.  The Court also recognizes

6

that those cases had not yet been decided when Petitioner was pursuing his direct appeal and his prior § 2255 motion, so he could not have previously challenged his sentence, based on those particular cases, in his prior appeal or motion.  That does not mean, however, that § 2255 must be viewed as an "inadequate or ineffective remedy" for Petitioner's current claims based on <u>Apprendi</u>, <u>Blakely</u> and <u>Booker</u>.

In <u>Perez</u>, <u>supra</u>, the Eighth Circuit Court of Appeals held that federal prisoners cannot bring claims based on the Supreme Court's <u>Apprendi</u> decision in a § 2241 habeas corpus petition, because, even though "a federal prisoner may never ventilate an <u>Apprendi</u> issue in a § 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy for such claims.  286 F.3d at 1062.  The Court explained its ruling in <u>Perez</u> as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is <u>Apprendi</u> itself, <u>not the remedy by § 2255 motion</u>.  To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that <u>Apprendi</u> applies retroactively to past criminal convictions. Neither... [of the appellants] may raise an <u>Apprendi</u> claim in a second § 2255 motion unless and until <u>Apprendi</u> applies retroactively."

<u>Id</u>. (emphasis added).  The Court later added that –

> "Appellants' attempts to gain relief [under <u>Apprendi</u>] have not been hampered by the § 2255 remedy itself.  Rather, they cannot presently obtain relief because the constitutional doctrine announced in <u>Apprendi</u> has not been made retroactive by the Court."

<u>Id</u>.

The Court's holding in <u>Perez</u> is directly applicable to Petitioner's current claims based on <u>Apprendi</u>, and the Court's reasoning in <u>Perez</u> is directly applicable to Petitioner's

7

claims based on <u>Blakely</u> and <u>Booker</u>.  If the holdings of <u>Blakely</u> and <u>Booker</u> established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," then Petitioner could raise his <u>Blakely-Booker</u> claims in a "second or successive" § 2255 motion.  28 U.S.C. § 2255 [ ¶ 8 ].  In fact, however, <u>Blakely</u> and <u>Booker</u> are <u>not</u> retroactively on collateral review.  In <u>Never Misses A Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005) (<u>per</u> <u>curiam</u>), the Eighth Circuit Court of Appeals specifically held that "the 'new rule' announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."  <u>Id</u>. at 783.[4]

As the Court of Appeals explained in <u>Perez</u>, <u>it is the absence of retroactive</u> <u>applicability – not any deficiency in the remedy provided by § 2255 – that precludes</u> <u>Petitioner from raising his Booker claims in a § 2255 motion</u>.  According to <u>Perez</u>:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence.  Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062.  Therefore, even for Petitioner's claims based on <u>Booker</u> and <u>Blakely</u> (and <u>Apprendi</u>), it cannot be said that the remedy provided by § 2255 is "inadequate or ineffective."  <u>See</u> <u>Tineo v. LeBlanc</u>, Civil No. 05-318 (ADM/SRN) (D.Minn. 2005), 2005 WL

---

[4]  Every other federal appellate court that has considered whether <u>Booker</u> is retroactively applicable on collateral review has also concluded that it is not.  <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir. 2005), <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005).

740520 at *2 ("Petitioner cannot claim, even with respect to his <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> claims, that the remedy provided by § 2255 is 'inadequate or ineffective'").

Finally, Petitioner contends that he should be allowed to bring his current claims in a § 2241 habeas petition, because he supposedly is "actually innocent" of the factual determinations on which his sentence was based. This argument must also be rejected. <u>Apprendi</u>, <u>Blakely</u> and <u>Booker</u> did not somehow eradicate or "decriminalize" the circumstances that produced Petitioner's sentence; those cases merely affected the procedures to be used for determining the existence of those circumstances. The Supreme Court's decisions in <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> do not somehow eliminate, or cause him to be innocent of, the factual determinations reflected in his sentence. Again, those cases only altered the constitutional standards and procedures to be used for determining the facts and circumstances that bear on sentencing. In short, <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>, do not make Petitioner "actually innocent" of anything.[5]

---

[5] Petitioner's repeated citation of <u>Dretke v. Haley</u>, 541 U.S. 386 (2004), indicates that he does not understand the meaning and role of the term "actual innocence" in habeas corpus jurisprudence. In habeas proceedings, use of the term "actual innocence" does not require a federal court to accept any habeas corpus claim that a prisoner might bring. Rather, the term "actual innocence" comes into play only when a prisoner is attempting to raise a claim that would otherwise be barred under the doctrine of procedural default. A prisoner may be able to overcome a procedural default if he can show, "'by clear and convincing evidence,'" that the outcome of his case would have been different if such evidence had been presented during the original trial court proceedings. <u>Id</u>. at 393. The actual innocence exception that allows a prisoner to overcome a procedural default is available only upon a "showing, based on <u>new evidence</u>, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" <u>Brownlow v. Groose</u>, 66 F.3d 997, 999 (8th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 1161 (1996) (emphasis added), <u>quoting</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995). In other words, a petitioner cannot simply point to errors that allegedly occurred during the course of his criminal case; he must instead offer some new "clear and convincing" evidence, which affirmatively demonstrates that he is, in fact, truly innocent of the crime for which he was convicted and sentenced. In this case, Petitioner has not cited <u>any</u> new evidence, (let alone "clear and

## III.    CONCLUSION

[5]      In sum, the Court finds that: (1) Petitioner's current application for habeas corpus

relief challenges the validity of the prison sentence imposed by the trial court; (2) such

challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the

remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot

be construed as a § 2255 motion, because Petitioner is barred from seeking § 2255 relief

under the rules governing successive petitions; and (4) Petitioner's present inability to seek

relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or

ineffective" so as to excuse him from § 2255's exclusive remedy rule.

Because the "inadequate or ineffective remedy" exception is not available to

Petitioner, his present § 2241 habeas corpus petition challenging his 2000 federal prison

sentence cannot be entertained here.  See Bauer v. Ashcroft, Civil No. 02-4068 (JRT/FLN)

(D.Minn. 2003) (Tunheim, J.), 2003 WL 541692 at *2. The Court will therefore recommend

that this action be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d

at 323-24 (§ 2241 habeas petition challenging judgment entered in a different district was

properly dismissed for lack of subject matter jurisdiction, where Petitioner had not

demonstrated that § 2255 motion was an inadequate or ineffective remedy).

## IV.    RECOMMENDATION

---

convincing evidence"), that would affirmatively prove the non-existence of the facts on
which his sentence was based.  Therefore, even if the "actual innocence exception" did
have some relevance here, (because there was a need to overcome a procedural default),
Petitioner would not be eligible for that exception.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED.


Dated: August __11_, 2005

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 30, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.